UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN ZALE,

    Petitioner,

v.

GREG SKIPPER,

    Respondent.

Case No. 18-13814
Honorable Laurie J. Michelson

**ORDER DENYING PETITIONER'S MOTION TO STAY [4]**

Martin Zale, through counsel, seeks habeas corpus relief. A little more than seven months ago, Zale's counsel timely filed a petition for a writ of habeas corpus. (ECF No. 1.) Zale's petition has two claims, and both were fully exhausted in the state courts. So nothing stands in the way of moving forward on Zale's petition.

Except Zale now asks the Court to hold off on adjudicating his petition. Zale says he has learned of new claims that were not previously brought to the state court's attention. And because Zale thinks only one day remains on the statute of limitations, he seeks a 90-day stay so he can investigate the new claims and exhaust them in the state system. (ECF No. 4, PageID.83–84.) For his part, the Warden does not stand in the way of a stay. (*Id.* at PageID.84.)

However, for the reasons that follow, the Court will deny Zale's request. And to better understand the reasons that follow, a bit of procedural history and law is required.

First the law. Habeas corpus petitions are governed by the Antiterrorism and Effective Death Penalty Act. AEDPA sets a one-year limitations period on habeas corpus petitions. 28 U.S.C. § 2244(d). As a baseline rule, for Michigan petitioners like Zale, AEDPA's one-year limitations period begins 90 days after the Michigan Supreme Court denies leave to appeal. *See*

*Holbrook v. Curtin*, 833 F.3d 612, 614 (6th Cir. 2016); 28 U.S.C. § 2244(d)(1)(A). And as relevant to this case, the filing of a federal habeas corpus petition does not stop the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Consider, next, the procedural history. Zale was convicted on June 12, 2015. (ECF No. 1, PageID.3.) The state court of appeals affirmed his conviction a little less than two years later, and on September 12, 2017, the Michigan Court of Appeals denied Zale leave to appeal. (*Id.*) So Zale's AEDPA limitations period started running on December 11, 2017. *See* Sup. Ct. R. 13; 28 U.S.C. § 2244(d)(1)(A). On December 10, 2018, with only one day remaining on the clock, Zale filed a fully exhausted habeas corpus petition. (ECF No. 1.) So the two claims raised in the petition are timely. But any claims added more than one day later, would likely not be.

Apply the law to Zale's situation and it becomes clear that Zale seeks a stay so he can litigate, in the state courts, unexhausted claims that, as it stands, are untimely. Again, Zale petitioned for a writ of habeas corpus with one day remaining in his limitations period. But his petition did not stop the clock, and the next day, Zale's limitations period expired. *See Duncan*, 533 U.S. at 181–82. So any unexhausted claims Zale has *may* be untimely. *See* 28 U.S.C. § 2244(d)(1)(A).

The claims *may* be untimely because, to be sure, AEDPA's statute of limitations permits a restart of the limitations period for a few specific reasons. *See* 28 U.S.C. § 2244(d)(1)(B), (1)(C), (1)(D). And equitable tolling can also apply in "appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But in the motion to stay, Zale offers nothing to explain how or why either a restart or tolling are applicable here.

Also problematic is the issue of amendment. To add new claims to his petition at this point, Zale has to amend, and, to do so, he has a slightly tougher row to hoe than the ordinary civil

litigant. *See Mayle v. Felix*, 545 U.S. 644, 662–65 (2005)). And Zale's motion to stay does not explain how or why these new, potential claims are even candidates for amendment at all.

Thus, as of now, Zale offers no good reason to justify holding off on adjudicating his petition. Zale has pending a timely filed, fully exhausted habeas corpus petition. Nothing in the motion to stay explains why these new, potential, unexhausted claims are somehow timely (or eligible for amendment) such that the Court ought to grant the stay.

True, if the Court moves ahead, nothing stops Zale from bringing these claims to the state court's attention at the same time. And parallel litigation raises both efficiency and comity concerns. *See Thomas v. Stoddard*, 89 F. Supp. 3d 937, 942 (E.D. Mich. 2015). But the efficiency issue is mitigated here because multiple obstacles stand in the way of a federal court ever adjudicating these new claims. And the comity issue is less of a concern because the two claims in Zale's habeas corpus petition have already had their day in state court. Plus, bringing the new claims in state court allows the state courts first crack at reviewing the errors, anyway, (should these new claims ever end up in a habeas corpus petition someday). *See Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005). So, even though there might be some potential downside to parallel litigation, that concern, alone, is not enough to stay Zale's petition.

In light of all of the above, the Court DENIES Zale's motion to stay. Zale's motion does not offer enough to justify staying a fully exhausted habeas corpus petition.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: June 13, 2019

CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 13, 2019, using the Court's Electronic Court Filing system.

                                          s/William Barkholz
                                          Case Manager